**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

JUAN CARLOS VALADEZ LOPEZ, ) CV 07-1566-LEW
)
)
   Plaintiff, ) **ORDER**
)
)
  v. )
)
)
MICHAEL CHERTOFF, et al.)
)
   Defendants. )
)
_____)

  Currently before the Court are (1) Defendant Yakov Grinberg's Motion for Summary Judgment; (2) Defendants Michael Chertoff and Alberto Gonzales' Motion to Dismiss; (3) Defendants Nancy Alcantar and Antonio Amador's Motion to Dismiss or, in the alternative, for Summary Judgment; (4) Defendant United States' Motion to Dismiss.  Having considered all papers and

arguments, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

As a preliminary matter, the Court **GRANTS** Plaintiff's Request for Judicial Notice as to both documents, but only as to the fact that the documents were filed in court.

## 1.   Defendant Yakov Grinberg's Motion for Summary Judgment

Plaintiff's <u>Bivens</u> claims should be precluded to the extent that the <u>Bivens</u> claims are based on wrongful detention because the Immigration and Nationality Act provides for a remedy.  <u>See</u> <u>Sissoko v. Rocha</u>, 509 F.3d 947, 951 (9th Cir. 2007).

However, Plaintiff's <u>Bivens</u> claims based on conduct beyond wrongful detention should not be precluded.  <u>See</u> <u>Papa v. United States</u>, 281 F.3d 1004, 1011 (9th Cir. 2002).

Moreover, Grinberg is entitled to qualified immunity against Plaintiff's transportation related claims because there is no clearly established constitutional violation regarding the transportation related allegations.  The transportation related allegations of Plaintiff's claim fails because Plaintiff did not have a right to force federal officials to transfer him to local authorities, and

because Plaintiff had meaningful access to the state court plea withdrawal proceeding in which he prevailed.

However, qualified immunity does not apply to Plaintiff's medical related allegations because, taken in the light most favorable to the party asserting the injury, Grinberg violated Plaintiff's clearly established constitutional right to medical care.

Accordingly, the Court **GRANTS in part and DENIES in part** Defendant Yakov Grinberg's Motion for Summary Judgment.  The Motion as to the <u>Bivens</u> claims in the Second, Fourth, and Fifth Causes of Action is **GRANTED** to the extent that they are based on wrongful detention or failure to transport.  The Motion as to causes of action based on other grounds is **DENIED**.

## 2.   **Defendants Michael Chertoff and Alberto Gonzales' Motion to Dismiss**

Like the director of the FDA Division of Blood and Blood Products in <u>Doe v. Am. Nat'l Red Cross</u> case, Chertoff and Gonzales were "only peripherally involved" in Plaintiff's injury, and their "contacts were, at best, attenuated."  112 F.3d 1048, 1050 (9th Cir. 1997) ("There was no reason for Donohue, a government employee working and living in the Washington, D.C. area, to believe that his role in the regulatory process would expose him to the power of the courts in

Arizona.").

Similarly, Chertoff and Gonzales, heads of federal agencies working and living in the Washington, D.C. area, would not believe that their role in the enforcement of immigration laws for the whole country would expose them to the power of the courts in California.

Therefore, the Court **GRANTS with prejudice** Defendants Chertoff and Gonzales' Motion to Dismiss because their contacts in California are insufficient for the Court to exercise personal jurisdiction over them.

3.   **Defendants Nancy Alcantar and Antonio Amador's Motion to Dismiss or, in the alternative, for Summary Judgment**

The Court **GRANTS in part and DENIES in part** Alcantar and Amador's Motion to Dismiss.  The Motion to Dismiss as to the <u>Bivens</u> claims in the Second, Fourth, and Fifth Causes of Action is **GRANTED with prejudice** to the extent that they are based on wrongful detention or failure to transport.  The Motion to Dismiss as to causes of action based on other grounds is **DENIED**.  The discussion above for Defendant Grinberg's motion is applicable to the disposition of this Motion.

However, pursuant to Rule 56(f), the Court **DENIES** the Motion for Summary Judgment at this time because discovery is required to resolve the issue of Alcantar and Amador's direct involvement and causal connection to Plaintiff's injuries.

## 4.  Defendant United States' Motion to Dismiss

The Court **GRANTS in part and DENIES in part** United States' Motion to Dismiss.

The Court **GRANTS with prejudice** Defendant United States' Motion to Dismiss for abuse of process for failure to transport because the discretionary function exception applies, and because Plaintiff fails to allege "process" and ulterior motive.

However, the Court **DENIES** the Motion as to the claim based on failure to provide medication because the allegations are sufficient to state a claim under the Federal Tort Claims Act.

**IT IS SO ORDERED.**

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge

DATED: April 21, 2008