FILED

FEB 1 2 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juan Carlos Valadez Lopez, | ED CV 07-1566-RSWL |
| Plaintiff, | ORDER **GRANTING** Defendant United States of America's Motion to Dismiss for Failure to State a Cause of Action Upon Which Relief Can Be Granted, and for Lack of Subject Matter Jurisdiction |
| vs. | |
| Michael Chertoff, et al., | |
| Defendant. | |

Defendant United States of America's ("Defendant") Motion to Dismiss for Failure to State a Cause of Action Upon Which Relief Can Be Granted, and for Lack of Subject Matter Jurisdiction was set for hearing on January 30, 2009. Having taken the matter under submission on January 26, 2009, and having reviewed all papers submitted pertaining to this motion the Court, **NOW FINDS AND RULES AS FOLLOWS:**

1  Defendant's Motion to Dismiss for Failure to State
2  a Cause of Action Upon Which Relief Can Be Granted, and
3  for Lack of Subject Matter Jurisdiction is **GRANTED WITH**
4  **PREJUDICE.**

6  28 U.S.C. § 2675(a) of the FTCA states,

> An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

In other words, an FTCA claim may not be brought until the plaintiff has exhausted all administrative remedies. McNeil v. United States, 508 U.S. 106, 113 (1993). Courts strictly construe this requirement because "[s]overeign immunity is an important limitation on the subject matter jurisdiction of federal courts. The United States, as sovereign, can only be sued to the extent it has waived its sovereign immunity." Vacek v. United States Postal Serv., 447 F.3d 1248, 1250-1251 (9th Cir. 2006). "[Courts] have repeatedly held that the exhaustion requirement [of the FTCA] is jurisdictional in nature and must be interpreted strictly... Any such waiver must be strictly construed in favor of the United States." Id.

Where a plaintiff has prematurely initiated an FTCA claim before exhausting administrative remedies, courts

must dismiss the FTCA claim.  Moreover, Courts have consistently refused to allow plaintiffs to amend a dismissed, premature FTCA claim after exhausting their administrative remedies.  Instead, plaintiffs must initiate a new cause of action for the FTCA claim.  See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. Okla. 1999) (amended complaint filed after exhaustion cannot cure a prematurely filed original complaint); Sparrow v. USPS, 825 F. Supp. 252, 254-55 (E.D. Cal. 1993) (same); Przysiecki v. Eifert, 2007 U.S. Dist. LEXIS 82049, *8-7 (S.D. Cal. Nov. 2, 2007) (same).

Plaintiff's original Complaint did not specifically state an FTCA claim.[1]  After Plaintiff exhausted his administrative remedies under the FTCA, he amended his Complaint to state an FTCA claim against the United States.  Thus, the issue is whether or not Plaintiff, who has now exhausted his administrative remedies, can add an FTCA claim into his pre-exhaustion Complaint.[2]

---

[1] Defendant's original complaint asserted other state and federal law violations against other parties (not the United States).

[2] In other words, whether or not Plaintiff will have to initiate a new suit for his FTCA claim, or they can go forward as part of his initial causes of action.

Federal courts have consistently insisted that plaintiffs exhaust their legal remedies prior to bringing an FTCA claim because FTCA claims are only possible to the extent the United States has waived its sovereign immunity. Therefore, this Court strictly construes the exhaustion requirement to prevent Plaintiff from amending his Complaint to add an FTCA claim where amendment causes the FTCA claim to be prematurely filed prior to exhaustion. One other district court, Boatwright v. Chipi, 2008 WL 819315, *15 (S.D. Ga. March 26, 2008), addressed the same issue before the Court and found that the plaintiff could not add an FTCA claim into a pre-exhaustion cause of action.[3] The Court stated that Plaintiff would have to file a separate cause of action. In Boatwright the court stated,

> The Court cannot allow Plaintiff to circumvent clear jurisdictional requirements by permitting him to proceed in this case with the claims asserted in his Amended Complaint when, at the time Plaintiff filed his original Complaint, the Court lacked subject matter jurisdiction to entertain his FTCA claims.

Boatwright, 2008 WL 819315 at *15. Applying this rationale, Plaintiff's FTCA claim is dismissed since he had not exhausted his administrative remedies at the time he brought his original Complaint, regardless of

---

[3] The Court found that Plaintiff would have to file a separate cause of action for his FTCA claims.

4

1 whether or not his original Complaint included an FTCA
2 claim.
3
4 Therefore, Plaintiff's FTCA claim, as added to his
5 original Complaint, is premature and must be filed on a
6 dat after he exhausted his administrative remedies.
7 Thus, Plaintiff must initiate a new lawsuit for his
8 FTCA claim.  However, Plaintiff's FTCA claim is time-
9 barred by the statute of limitations set forth in 28
10 U.S.C. § 2401(b).  §2675(a) states,
11
12     The failure of an agency to make final disposition
       of a claim within six months after it is filed
13     shall, at the option of the claimant any time
       thereafter, be deemed a final denial of the claim
14     for purposes of this section.
15
16 After such a denial, a plaintiff has six months to file
17 an action in the federal courts.  28 U.S.C. § 2401(b).
18 Six months has elapsed since Plaintiff's constructive
19 denial.  Therefore, he is barred from bringing his FTCA
20 claim and Defendant's Motion to Dismiss is **GRANTED WITH**
21 **PREJUDICE.**
22
23 **IT IS SO ORDERED.**
24                              /s/
                        _____
25                      **HONORABLE RONALD S.W. LEW**
26                          Senior, U.S. District Court Judge
27 DATED: February 12, 2009
28