

**FILED**

MAR 02 2009

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS VALADEZ LOPEZ, | ED CV 07-1566-LEW |
| Plaintiff, | ORDER **GRANTING IN PART** DEFENDANTS VAN ZANDT AND LOWN'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE SUMMARY ADJUDICATION AND REQUEST FOR SANCTIONS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 1038 |
| v. | |
| MICHAEL CHERTOFF, et al., | |
| Defendants. | |

Defendants Richard Van Zandt and Donald Lown's Motion for Summary Judgment or, In the Alternative Summary Adjudication and Request for Sanctions Pursuant to California Code of Civil Procedure § 1038 was set for hearing on February 20, 2009. Having taken the matter under submission on February 19, 2009, and having reviewed all papers submitted pertaining to this motion the Court, **NOW FINDS AND RULES AS FOLLOWS:**

1

Defendants Richard Van Zandt and Donald Lown's Motion for Summary Judgment or, In the Alternative Summary Adjudication is **GRANTED**. Defendants' Request for Sanctions Pursuant to California Code of Civil Procedure § 1038 is **DENIED**. Additionally, Defendants request for judicial notice of various documents is **GRANTED**.

I. Factual Background

On November 15, 2005, Plaintiff submitted an application to present a late claim to the Yolo County Board of Supervisors, along with a Tort Claim for Damages.[1] (SUF 7). On February 8, 2006, the Board sent Plaintiff a letter informing him they had denied his application. (SUF 8). On June 30, 2006, Plaintiff filed a Cal. Gov. Code. § 946.6 petition with the Yolo County Superior Court for relief from the claims presentation requirements of the CTCA. (SUF 9). Plaintiff amended this petition on February 14, 2007. (SUF 10). The Yolo Superior Court denied Plaintiff's Amended Petition on September 19, 2007. (SUF 12). Plaintiff appealed this decision, but the Court of Appeals dismissed his appeal for failure to follow the

---

[1] Defendants point out that they mistakenly wrote December 27, 2005 as the date, but it is in fact November 15, 2005.

2

briefing schedule. (SUF 13).

Plaintiff filed the current Complaint on August 2, 2007. In his Complaint, he brought twelve claims against various Defendants for violations of state and federal laws. Two Yolo County Public Defenders, Richard Van Zandt and Donald Lown ("Defendants"), were named as defendants in several causes of action.

On June 13, 2008, this Court dismissed several causes of action against Defendants leaving only the following:

Defendant Lown: (1) First Cause of Action, for violation of the Due Process Clause under § 1983 and/or Cal. Civ. Code § 52.1(b); (2) Sixth Cause of Action, for violation of the First, Fifth, and Fourteenth Amendments under § 1983 and/or Cal. Civ. Code § 52.1(b); and Seventh Cause of Action, for violation of the Sixth Amendment under Cal. Civ. Code § 52.1(b).

Defendant Van Zandt: (1) First Cause of Action, for violation of the Due Process Clause under Cal. Civ. Code § 52.1(b); (2) Sixth Cause of Action, for violation of the First, Fifth, and Fourteenth Amendments under Cal. Civ. Code § 52.1(b); and (3) Seventh Cause of Action, for violation of the Sixth Amendment under Cal. Civ. Code § 52.1(b).

Currently before this Court is Defendants Motion for Summary Judgment or, In the Alternative Summary Adjudication Request for Sanctions Pursuant to California Code of Civil Procedure § 1038. Defendants bring this Motion for Plaintiff's claims brought under California Civil Code § 52.1(b).

## II. Plaintiff Failed to Comply With the CTCA

### A. Legal Standard

Cal. Gov. Code § 950.2 states that,

> [A] cause of action against a public employee ... for injury resulting from an act or omission in the scope of employment as a public employee is barred if an action against the employing public entity for such injury is barred...

In other words,

> [I]ncluded in the Tort Claims Act [is] what amounts to a requirement that . . . one who sues a public employee on the basis of acts or omissions in the scope of the defendant's employment [must] have filed a claim against the public-entity employer pursuant to the procedure for claims against public entities.

Briggs v. Lawrence, 230 Cal. App. 3d 605, 612-13, 281 Cal. Rptr. 578 (1991) (citing Cal. Gov. Code §§ 911.2, 945.4, 950.2, 950.6(a)).

A plaintiff who fails to timely present his claim under the CTCA has two options for relief. First, under certain conditions, the plaintiff may file a

4

written application to the public entity for leave to present a late claim. Cal. Gov. Code § 911.4(a). If that fails, the plaintiff may petition the superior court for relief from the claims requirement. Cal. Gov. Code § 946.6(a).

"The failure to adequately allege compliance with the Tort Claims Act when suing a public employee makes dismissal appropriate." Garcia v. Adams, 2006 U.S. Dist. LEXIS 8684, at *27-29 (E.D. Cal. Feb. 15, 2006) (citing Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988); Dennis v. Thurman, 959 F. Supp. 1253, 1264 (C.D. Cal. 1997); Briggs, 230 Cal.App.3d at 613; Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (Cal. App. 5th Dist. 1973)).

B. Analysis

There is no triable issue of fact regarding whether Plaintiff complied with the CTCA's presentation requirements. As a matter of law, he did not. Both parties agree that Plaintiff did not file a timely tort claim with Yolo County, as required by the CTCA. (SUF 7). Further, Plaintiff filed an Application for Leave to Present a Late Claim with the Yolo County Board of Supervisors. (SUF 7). The Yolo County Board of Supervisors denied his Application for Leave to Present a Late Claim and sent him notice of that denial. (SUF

8). Next, Plaintiff petitioned the Yolo County Superior Court for relief from the CTCA, but the Court denied his Petition as untimely. (SUF 9 and 12). Plaintiff appealed the Court's decision, but his appeal was dismissed because he failed to comply with the Court's scheduling requirements. (SUF 13). Both parties agree the Court's decision is now final. (SUF 14). The remaining issue is whether the CTCA applies to Plaintiff's claims.

III. The CTCA Applies to Plaintiff's Claims Against Defendants Van Zandt and Lown

A. Legal Standard

California Courts have held that the CTCA applies to violations under Cal. Civ. Code § 51.2. In Gatto v. County of Sonoma, the Court noted the similarity between Cal. Civ. Code §51.2 and 42 U.S.C. § 1983, but concluded that Cal. Civ. Code § 51.2 was not exempted under the Supremacy Clause.[2] Gatto v. County of

---

[2] The Court reasoned that, "Section 1983 claims are exempt from the state claims requirements because the supremacy clause of the United States Constitution does not permit a state law to alter or restrict federally created rights. ... the filing of a claim for damages is more than a procedural requirement, it is a condition precedent to plaintiff's maintaining an action against defendants, in short, an integral part of plaintiff's cause of action. And while it may be

6

Sonoma, 98 Cal.App.4th 744, 763-765 (Cal. App. 1st Dist. 2002). See also Hope v. City of Long Beach, 2005 U.S. Dist. LEXIS 42647 at *31 (C.D. Cal. Aug. 15, 2005); Galvan v. Yates, 2006 U.S. Dist. LEXIS 37301, at *24-25 (E.D. Cal. Feb. 7, 2006).

Additionally, it is undisputed that "…a salaried full-time public defender engaged in representing an assigned client is a public employee acting in the scope of his or her employment within the meaning of the California Tort Claims Act." Briggs, 230 Cal. App. 3d at 618. Moreover, [a] public employee acts within the scope of employment when he 'is engaged in work he was employed to perform or when an act is incident to his duty and was performed for the benefit of his employer and not to serve his own purpose.'" Garcia v. Adams, 2006 U.S. Dist. LEXIS 8684, at *29 (E.D. Cal. Feb. 15, 2006) (citing Fowler v. Howell, 42 Cal.App.4th 1746, 1750-51 (Cal. App. 2d Dist. 1996)). "Scope of

---

constitutionally permissible for the Legislature to place this substantive impediment in the path of a state cause of action, it is clear that the supremacy clause will not permit a like abrogation of the perquisites of a federal civil rights litigant. Conditioning damage claims against public entities under the Unruh Civil Rights Act (however it may be defined) on compliance with the Government Claims Act presents no such constitutional problem." Gatto, 98 Cal. App. 4th at 764-65 (internal quotations omitted).

employment is viewed broadly and includes both negligent and willful and malicious acts, and may include conduct or behavior that is not the 'ultimate object of employment.'" Garcia, 2006 U.S. Dist. LEXIS at *29. "...[T]he proper inquiry is not 'whether the wrongful act itself was authorized but whether it was committed in the course of a series of acts of the [employee] which were authorized by the [employer.]'" Perez v. Van Groningen & Sons, Inc., (Cal. 1986) (internal citations omitted).

B. <u>Analysis</u>

Plaintiff argues that the CTCA does not apply for two reasons: (1) the CTCA does not apply to Plaintiff's claims because they are brought under federal law, and (2) Defendants were not acting within the scope of their employment.

i. <u>The Supremacy Clause Does Not Supersede the CTCA's Requirements in this Case</u>

Plaintiff is suing Defendants for actions in violation of California Civil Code § 52.1. As stated above, claims brought under this statute must follow the presentation requirements of the CTCA. Gatto, 98 Cal.App.4th at 763-65. Plaintiff argues that his underlying claims are based on Federal Constitutional violations and therefore the Supremacy Clause

8

supersedes the CTCA's presentation requirements. Specifically, he cites, <u>Williams v. Horvath</u>, 16 Cal. 3d. 834, 839 (Cal. 1976), which states in regards to the CTCA, "...California may not impair federally created rights or impose conditions upon them." As illustrated above, Courts have rejected this argument as it relates to § 52.1. Moreover, <u>Horvath</u> is inapplicable because it involved a claim based on 42 U.S.C. § 1983 which is a federal cause of action. § 52.1 is a California statute creating a civil remedy when a person interferes with another person's "exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state" by "threats, intimidation, or coercion." It is not a federal statute, nor is it a federally created right.

    ii. <u>Defendants Were Acting Within the Scope of Their Employment</u>

Plaintiff is correct that the CTCA does not apply if Defendants were not acting within the scope of their employment. However, there is no triable issue of material fact whether Defendants were acting within the scope of their employment.

It is undisputed that Defendant Van Zandt represented Plaintiff in the criminal proceeding that

9

is at issue in this case. (SUF 2). Defendant Van Zandt is a Yolo County Public Defender (SUF 2).

Additionally, Plaintiff states in his declaration that Van Zandt was appointed as his public defender. (Decl. of Lopez ¶ 6). Plaintiff also declares that he met with Van Zandt once, wherein Van Zandt presented him with one choice—to plead no contest. (Id. at ¶ 7). Further, he declares that Van Zandt did not discuss any other options with him. (Id.). Plaintiff states that he "... felt that [his] mind was very weak and that [he] could not disagree with the public defender's plan," and that he "... was pressured into making the plea." (Id.).

Plaintiff argues in his Opposition that Defendant Van Zandt's actions amounted to coercion, which is outside the scope of his employment. However, based on the above facts, it is clear that Van Zandt took these actions within his role as a public defender. Even assuming Plaintiff's allegations of coercion are correct, this would still fall within Van Zandt's scope of employment. Van Zandt was appointed to represent Plaintiff in his capacity as a public defender. Giving legal advice concerning a plaintiff's decision to plea guilty is precisely the work he was employed to perform. Moreover, these actions were clearly for the benefit of his employer, rather than to serve his own

purpose. Plaintiff makes no allegation otherwise. Plaintiff's mere assertion that Defendant Van Zandt's actions were taken outside the scope of his employment are not sufficient to survive a summary judgment action.

With regards to Defendant Lown, Plaintiff presents no facts or evidence indicating that he was not acting within the scope of his employment.

Therefore, Plaintiff was required to comply with the CTCA. Because Plaintiff failed to comply with the CTCA, summary judgment is granted. However, the Court will first turn to Plaintiff's argument that this Court should reconsider whether or not he complied with the CTCA.

IV. <u>This Court Must Apply the State Court Decision Finding that Plaintiff's Failure to Timely Present his Tort Claims is Not Excusable and that he is Not Entitled to Relief</u>

A. <u>Legal Standard</u>

If the former judgment is a state court judgment, federal courts must apply the res judicata and collateral estoppel rules of the state that rendered the underlying judgment. <u>Migra v. Warren City School Dist. Bd. of Ed.</u>, 465 U.S. 75, 81 (1984); <u>Holcombe v. Hosmer</u>, 477 F.3d 1094, 1097 (9th Cir. 2007).

1    California courts apply collateral estoppel (i.e.
2    issue preclusion) when: (1) the issue sought to be
3    precluded from relitigation is identical to that
4    decided in a former proceeding; (2) the issue was
5    actually litigated in the former proceeding; (3) the
6    issue was necessarily decided in the former proceeding;
7    (4) the decision in the former proceeding was final and
8    on the merits, and (5) the party against whom
9    preclusion is sought is the same as, or in privity
10   with, the party to the former proceeding. Lucido v.
11   Superior Court, 51 Cal. 3d 335, 341 (Cal. 1990). After
12   these threshold requirements are met, the Court must
13   also consider the public policies underlying the
14   doctrine which are: (1) preservation of the integrity
15   of the judicial system; (2) promotion of judicial
16   economy; (3) and protection of litigants from
17   harassment by vexatious litigation. Id. at 342-43.

    B.   Analysis

21   Here, Plaintiff presented to the Yolo County
22   Superior Court a Petition For Relief From the Claims
23   Presentation Requirement, according to § 946.6. (SUF
24   9). Plaintiff filed this Petition to seek relief from
25   the CTCA's filing requirements after the Yolo County
26   Board of Supervisors rejected his application to
27   present a late claim. (SUF 8). The Superior Court
28   issued an Order denying Plaintiff's claim on the

grounds that he failed to timely submit to the Court his Petition For Relief From Claims Presentation Requirement, and was thus barred from bringing his claims. (SUF 12).

Currently, Plaintiff asks this Court for the same relief. Plaintiff argues that this Court should allow his § 52.1 claims to go forward. According to the CTCA, Plaintiff's claims may only go forward if they are excused pursuant to § 946.6. Therefore, to allow these claims to go forward, this Court would have to decide the identical issue presented to the Superior Court, specifically, whether Plaintiff should be relieved from the claims presentation requirement. This would involve deciding whether Plaintiff made his request in a timely manner. Thus, the issue is identical.

Additionally, the issue at hand was litigated in the former proceeding. Plaintiff submitted to the Superior Court his Amended Petition for Relief from the Claims Presentation Requirement, which included his argument as to why he should be exempted from the CTCA's presentation requirements. Defendants responded with an opposition. Contrary to Plaintiff's assertion, it is irrelevant that this Petition was heard as a Motion and no witnesses were called. See Walker v. County of Santa Clara, 2005 U.S. Dist. LEXIS 42118, 38-

13

39 (N.D. Cal. Sept. 30, 2005) ("The court is not persuaded that an evidentiary hearing is required for every case in which collateral estoppel is to be applied."); Barker v. Hull, 191 Cal. App. 3d 221, 226 (Cal. App. 1st Dist. 1987) ("[W]hile the party urging the estoppel must prove that the issue was actually litigated and that evidence was not restricted, he need not establish that any particular type of evidence, such as oral testimony, was presented."). The important matter is that the issue was submitted for consideration, and considered. Therefore, the issue was actually litigated. See Barker, 191 Cal. App. 3d at 226 ("When an issue is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated...").

Next, the Superior Court considered the parties' arguments and papers before issuing its Order denying Plaintiff's request. The Court's Order explains that Plaintiff's Request is denied because it was not filed in a timely manner. Therefore, the issue of timeliness was decided, and it was decided on the merits. Lastly, the Superior Court's decision is final.[3] See City of

---

[3] Plaintiff filed an appeal, but it was dismissed because Plaintiff failed to abide by the Court's

14

L.A. v. Superior Court, 14 Cal. App. 4th 621, 629 (Cal. App. 2d Dist. 1993) (stating that an order denying permission to file a late claim under § 946.6 is an appealable and final decision which can have a collateral estoppel effect).

As for the public policy factors, they too weigh in favor of issue preclusion. Finding that issue preclusion applies in this case protects defendants from harassment by vexatious litigation because it prevents a party that fails in Superior Court in his or her request for judicial relief from the CTCA from re-litigating the entire issue anew in Federal Court. Additionally, issue preclusion in this case promotes judicial economy because it is a waste of judicial resources to allow Plaintiff two bites at the apple for the same issue. Lastly, when courts render inconsistent opinions it undermines the public's confidence in the judicial system.[4]

Therefore, this Court finds that Plaintiff's

---

briefing schedule. (SUF 13). Additionally, Plaintiff agrees in the Statement of Undisputed Facts that this decision was final. (SUF 13).

[4] Plaintiff gives no compelling reason as to why the decision of the Superior Court should not stand.

15

claims are barred under collateral estoppel.[5]

V. **Notwithstanding Collateral Estoppel, this Court Cannot Grant Plaintiff Relief**

In order for Plaintiff to circumvent the CTCA's presentation requirements and allow a Court to consider his claims, he must petition the proper court for relief pursuant to § 946.6(a). Assuming that this Court has jurisdiction to hear this petition, Plaintiff does not meet the requirements to allow the Court to grant him relief.[6] §946.6 states, "[t]he petition

---

[5] Plaintiff's claims are also barred by res judicata principles. Plaintiff argues that the Superior Court's Order was not a final judgment for the purpose of res judicata. However, "…[A]n order denying a petition for leave to file a late claim is an appealable order. … [A]n order is appealable when its effect is final judgment. Dockter v. Santa Ana, 261 Cal. App. 2d 69, 74 (Cal. App. 4th Dist. 1968), *overruled in part by* Passavanti v. Williams, 225 Cal. App. 3d 1602, 1607-8 (Cal. App. 4th Dist. 1990).

[6] § 946.6(a) also states that, "[t]he proper court for filing a petition is a superior court that would be

16

shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6."

Plaintiff's Petition to File a Late Claim to the Yolo County Board of Supervisors was denied on February 8, 2006. (SUF 8). In order for this Court to hear Plaintiff's claims, Plaintiff must file a Petition For Relief From the Claims Presentation Requirement. However, the six month time limit set forth in § 946.6 has long passed. Therefore, this procedural prerequisite bars Plaintiff's claims. See City of L.A. v. Superior Court, 14 Cal. App. 4th 621, 627-628 (Cal. App. 2d Dist. 1993) (The failure to timely comply with the Government Code [§946.6] requirements concerning claims bars a subsequent suit.").

VI. **This Court Denies Defendants' Request for Attorney's Fees and Costs**

Cal. Code Civ. Proc. § 1038(a) ("§ 1038") allows this Court to grant attorney's fees in this case "[i]f a proper court for the trial of action on the cause of action to which the claim relates." Whether the Court has subject matter jurisdiction based on this language is in dispute. However, the Court need not address this issue to resolve this Motion.

17

the court should determine that the proceeding was not brought in good faith and with reasonable cause..." Whether or not the action is brought in good faith is based on whether a reasonable attorney would have thought the claim tenable. Id. at 141. Whether the action is in good faith is a subjective belief in a justifiable controversy under the facts and law. Id.

Plaintiff's counsel sought to argue that the CTCA claims did not apply to Plaintiff based on the Supremacy Clause and the argument that there was a triable issue of fact regarding whether or not Defendants were acting in the scope of employment. While Plaintiff was ultimately unconvincing, his counsel was merely vigorously advocating on his behalf with faulty, but reasonable arguments. Therefore, Defendants' Request for Sanctions is **DENIED**.

VII. This Court Grants Judicial Notice of the Documents Requested

Lastly, Defendants seek judicial notice of four documents: (1) Plaintiff's Petition for Relief from Claims Presentation Requirement filed with the Yolo County Superior Court on June 30, 2006. (Declaration of J. Scott Smith, Ex B); (2) Plaintiff's Amended Petition for Relief from the Claims Presentation Requirement and Application for Late Claim Relief filed with the Yolo County Superior Court on February 14, 2007.

(Declaration of J. Scott Smith, Ex C); (3) The Superior Court's Order denying Plaintiff's Amended Petition for Relief from Claims presentation requirement entered by Superior Court of California for the County of Yolo on September 19, 2007 (Declaration of J. Scott Smith, Exhibit D); (4) The Third Appellate District of California dismissal of Plaintiff's appeal dated July 23, 2008. (Declaration of J. Scott Smith, Exhibit E).

The Court **GRANTS** Defendants' Request for Judicial Notice as to all documents, pursuant to Fed. R. Evid. 201.

VIII. Conclusion

For the reasons stated above, this Court **GRANTS** Defendants' Motion for Summary Adjudication of Issues/Motion for Summary Judgment, and **DENIES** Defendants' Request for Attorney's Fees Pursuant to § 1038. As there are no remaining claims against Van Zandt, Van Zandt is dismissed from the lawsuit.[7] Additionally, this Court **GRANTS** Defendants' Request for Judicial Notice.

**IT IS SO ORDERED.**

DATED: March 2, 2009

/s/
_____
**HONORABLE RONALD S.W. LEW**

---

[7] There are still two § 1983 claims against Lown.

19