CARTER C. WHITE, CSB# 164149
Erin Simonitch, Certified Law Student
KING HALL CIVIL RIGHTS CLINIC
U. C. Davis School of Law
One Shields Avenue, Bldg. TB-30
Davis, CA 95616-8821
Telephone: 530.752.5440
Facsimile: 530.752.5788
ccwhite@ucdavis.edu

LAURENCE O. MASSON, CSB# 87794
LAW OFFICE OF LAURENCE O. MASSON
2625 Alcatraz Avenue, #206
Berkeley, CA 94705-2702
Telephone: 510.735.9691
Facsimile: 510.735.9693
lomlex@g.mail.com

Attorneys for Plaintiff Juan Carlos Valadez Lopez

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| JUAN CARLOS VALADEZ LOPEZ,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, et al.,<br><br>Defendants.<br>_____/ | Case No. 2:07-CV-01566 LEW<br><br>**ORDER GRANTING MOTION FOR ORDER DIRECTING ENTRY OF FINAL JUDGMENT IN FAVOR OF DEFENDANT USA**<br><br>Date: May 8, 2009<br>Time: 10:00 a.m.<br>Courtroom: TBD |

Plaintiff Juan Carlos Valadez Lopez's ("Plaintiff") Motion for Order Directing Entry Of Final Judgment In Favor Of Defendant United States of America ("USA" or "Defendant") was set for hearing on May 8, 2009. Having taken the matter under submission on May 1, 2009, and having reviewed all papers submitted pertaining to this motion, the Court

**NOW FINDS AND RULES AS FOLLOWS:**

Plaintiff's Motion For Order Directing Entry Of Final Judgment In Favor Of USA is **GRANTED.**

The Court finds that there is no just reason for delaying entry of judgment in favor of the USA pursuant to Fed. R. Civ. P. Rule 54(b). Plaintiff has pled one cause of action against Defendant. Plaintiff's Twelfth Cause of Action alleges violations of the Federal Tort Claims Act ("FTCA") by (a) the USA's abuse of process for failure to transport Valadez Lopez to court proceedings, and (b) the Defendant's negligent failure to provide Plaintiff prescribed psychiatric medications while he was civilly detained on immigration charges [[Document 9, at ¶'s 83-87; Document 69, at ¶'s 84-88]. The Court has addressed and dismissed with prejudice both prongs of plaintiff's only cause of action against the USA.

By Order dated and filed April 21, 2008 [Document 66] ("Dismissal Order I"), the Court granted with prejudice the USA's Motion to Dismiss the Twelfth Cause of Action [Id., at 5:12-16] insofar as it pled abuse of process for failure to transport Plaintiff to court proceedings. The Court dismissed this claim with prejudice because the FTCA's discretionary function exception applied and because Plaintiff failed to allege "process" and ulterior motive. [Id.]

By Order filed February 17, 2009 and signed February 12, 2009 [Document 114] ("Dismissal Order II"), the Court granted with prejudice Defendant's Motion to Dismiss for Failure to State a Cause of Action Upon Which Relief Can Be Granted, and for Lack of Subject Matter Jurisdiction insofar as the Twelfth Cause of Action pled Defendant's negligent failure to provide Plaintiff prescribed medications while he was confined as an immigration detainee. The Court dismissed this claim with prejudice because, although Plaintiff exhausted his administrative remedies under the FTCA [Id., at 3:13-16], he was required to initiate a new suit for his FTCA claims rather than amend an existing *Bivens* action to add an FTCA cause of action

against the USA [Id., at 3:13-5:2]. Since Plaintiff had not filed a new suit for his FTCA claims in six months from the date of the constructive denial of his FTCA administrative claims, he was time-barred from bringing suit on the remaining FTCA claim, and, accordingly, Defendant's Motion to Dismiss was granted with prejudice.

Together, the Court's Dismissal Orders I & II finally and conclusively adjudged Plaintiff's Twelfth Cause of Action in favor of the USA. The legal and factual bases for these Dismissal Orders are separate and distinct from the issues remaining for trial against other defendants. No fact or factual issues upon which the Orders are based remain for trial. No legal issues addressed and decided in the Dismissal Orders will require revisiting during the remaining pretrial and the trial of this case against other defendants. Plaintiff has agreed to waive appeal of Dismissal Order I.

The Court does not foresee that appellate review of Dismissal Order II will be mooted by future developments in the case presently remaining for trial involving other defendants. Appellate review of the Court's dismissal of Plaintiff's FTCA claim of negligent medical care may facilitate global settlement of this case.

The Court finds that trial of Plaintiff's negligent medical care claims against remaining defendants in this action [see Doc. 69 at 20:1-18 & 21:5-25] will still require that the fact-finder assess whether and to what degree the USA's negligence caused Plaintiff's claimed injuries. California law requires apportionment of fault among all responsible persons in the trial award of non-economic damages on Plaintiff's state law negligence claims, regardless of whether or not all tortfeasors are joined and defended at trial in the suit. (Cal. Civ. Code §1431.2.) Delaying entry of judgment against the USA until entry of judgment for or against the other defendants enhances the chance that the USA's negligence and proportionate fault will be litigated twice: once as part of trial of Plaintiff's state law negligence claims against remaining defendants, and again in a second trial against Defendant if reversal occurs of the Court's Dismissal Order II. Since it would not be a party to the first such trial, Defendant would not be bound by principles of res judicata or collateral estoppel from relitigating a first-trial result where the USA is found to be a negligent tortfeasor partially, mostly, or entirely at fault for Plaintiff's claimed injuries.

Declining to enter judgment now for USA unnecessarily enhances the risk of two trials of the same USA negligence issues with inconsistent results, as well as unnecessarily increasing the risk of no net damages recovery, or under-recovery, for Plaintiff despite two trials where one or more negligent nonparty tortfeasors would be found liable or proportionately liable for Plaintiff's injuries.

Therefore, Plaintiff's Motion For Order Directing Entry Of Final Judgment In Favor Of USA is **GRANTED.** The Clerk of Court is hereby directed to enter Final Judgment forthwith in favor of the USA.

**IT IS SO ORDERED.**

**/S/**
_____
**HONORABLE RONALD S.W. LEW**
Senior, United States District Court Judge

Dated: May 6, 2009.