**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Juan Carlos Valadez Lopez,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Chertoff, et al.,<br><br>　　　　　　　　Defendants. | CV 07-1566-LEW<br><br>ORDER **DENYING** PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ELECTRONICALLY-STORED INFORMATION FROM FEDERAL DEFENDANTS, AND FROM ICE RECORDS CUSTODIAN |

Plaintiff's Motion to Compel Production of Documents and Electronically-Stored Information From Federal Defendants, and From ICE Records Custodian [Do. No. 124] was set for hearing on May 15, 2009, Having taken the matter under submission on May 13, 2009, and having reviewed all papers submitted pertaining to this motion the Court, **NOW FINDS AND RULES AS FOLLOWS:**

I.　Plaintiff's Motion to Compel in Regards to ICE

　　The Court **DENIES** Plaintiff's Motion to Compel in

Regards to the Custodian of Records and the Field Office Director of the San Francisco District Office of Immigration and Customs Enforcement ("ICE Records Custodian" or "ICE").

5 U.S.C. §301 "authorizes the head of each executive department to prescribe regulations governing the procedure by which its records will be made available to the public."[1] United States v. Henson, 123 F.3d 1226, 1237 (9th Cir. 1997). While this "does not allow an agency to refuse to disclose [discoverable] information, it does allow an agency to choose who may disclose the information and the procedure to be followed for such disclosure." United States v. Henson, 123 F.3d 1226, 1237 (9th Cir. 1997). For example, § 301 allows a federal agency to create internal regulations for responding to a subpoena request, as well as procedures for litigants serving such subpoena requests. See 6 C.F.R. §§ 5.41-5.49 (containing the Department of Homeland Security's regulations regarding disclosure of records in litigation promulgated pursuant to § 301).

In United States v. Henson, the Ninth Circuit found

---

[1] These are known as Touhy regulations. In United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951), the Supreme Court approved such regulations. See Touhy, 340 U.S. at 468.

2

that a district court did not abuse its discretion in quashing a subpoena that did not follow the federal agency's Touhy procedures.  See also Lerner v. District of Columbia, 2005 U.S. Dist. LEXIS 10154, 10-11 (D.D.C. Jan. 7, 2005) (court denied motion to compel because plaintiff did not comply with federal agency's Touhy regulations for requesting documents.  Specifically, plaintiff did not comply with 6 C.F.R. § 5.45, stating that Plaintiff "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought.").

Plaintiff is correct that a federal agency cannot promulgate procedures that allow it to prevent litigants from obtaining discoverable information.  However, courts are clear that internal agency procedures that regulate how an agency will respond to a subpoena request are valid.  This includes regulations on how a litigant can request information.

In this case, ICE is not hiding under its Touhy Regulations in order to assert that it does not need to comply with a valid subpoena request.  Instead, ICE refused to respond to the subpoena until Plaintiff complied with the proper procedures for requesting his A-File.[2]  This included, pursuant to 6 C.F.R. §§ 5.41-

---

[2] ICE's regulations are pursuant to 6 C.F.R. §§

5.49, the requirement that a litigant "set forth in writing, and with as much specificity as possible, the nature and relevance of the official information sought." 6 C.F.R. § 5.45(a). Instead, Plaintiff only requested for the ICE Custodian of Records to produce:

> the original complete 'file' of plaintiff Juan Carlos Valadez Lopez (A98-255-081) which defendant Yakov Grinberg 'oversaw' as described in his Statement of Undisputed Facts, Document 20-2 at 1:20-21, filed in the above captioned matter...

Plaintiff did not amend his request, despite the fact that ICE's Counsel instructed Plaintiff that ICE would comply if Plaintiff followed the agency's regulations. The Supreme Court in <u>Touhy</u> has upheld the use of these regulations, and the Ninth Circuit in <u>Henson</u> has stated that an agency may choose the procedures to be followed for [information] disclosure. Therefore, the Court will not compel ICE to respond to the subpoena request because the request did not follow ICE's Touhy Regulations for document requests.[3] [4]

---

5.41-5.49.

[3] Moreover, Plaintiff is without justification for his failure to comply. ICE instructed Plaintiff that it would respond to the subpoena if Plaintiff submitted it pursuant to the applicable regulations. Plaintiff refused to re-serve his subpoena within the discovery deadline and maintains that he has no responsibility to

4

Lastly, Plaintiff argues that the ICE waived all its objections by failing to comply with the deadlines set forth in Rule 45(c)(2)(B). On March 17, 2009, Plaintiff served his subpoena to the ICE Records Custodian. The subpoena sought production of Plaintiff's A-File by March 26, 2009. ICE filed written objections on March 31, 2009.

Rule 45(c)(2)(B) states that if a person objects to the subpoena's document request, "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."

Plaintiff argues that the objections were waived because they were provided five days after the subpoena's stated date for production. Plaintiff emphasizes that Rule 45 states that "[t]he objection must be served before the *earlier* of the time specified for compliance or 14 days after the subpoena is served. In other words, the word "earlier" modifies both "time specified for compliance" and "14 days." Therefore, he argues, the time specified for compliance was before

---

comply with the applicable regulations.

[4] This case differs slightly from Henson because discovery has closed and Plaintiff cannot cure his error with a new subpoena. However, this distinction is not dispositive since Plaintiff was well apprised and given the opportunity to cure his defect before discovery closed.

fourteen days, and therefore was the *earlier* of the two times.

"Under Rule 45, the nonparty served with the subpoena duces tecum may make objections to the subpoena duces tecum within 14 days after service or before the time for compliance, if less than 14 days." Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005). In other words, the word "earlier" does not modify 14 days. This interpretation comports with the intention of the rule. The prior version of paragraph (c)(2) gave non-parties ten days to respond to a subpoena. When the rule was amended, the committee stated that "[t]he 10-day period for response to a subpoena is extended to 14 days to avoid the complex calculations associated with short time periods under Rule 6 and to allow a bit more time for such objections to be made." See Fed. R. Civ. Pro. 45 Advisory Committee Notes on 1991 amendments to Rules. Therefore, it is illogical in light of the Committee's intention to give parties' more time to respond, to accept Plaintiff's interpretation of Rule 45.

Therefore, Plaintiff's Motion to Compel in regards to ICE is **DENIED**.

///
///
///

II. <u>Plaintiff's Motion to Compel in Regards to Federal Defendants</u>

The Court **DENIES** Plaintiff's Motion to Compel in regards to Federal Defendants.

Plaintiff has sued Federal Defendants in their individual capacities.  Federal Defendants objected to Plaintiff's Rule 34 Request because it sought official government records of which they do not have custody or control.  Federal Defendants' Counsel advised Plaintiff that the requested documents were under ICE's control. Plaintiff argues that Federal Defendants are being represented by Department of Justice attorneys who have access to Plaintiff's A-File, and therefore, Federal Defendants have custody or control of Plaintiff's A-File.[5]

Individual federal employees do not have custody or control over government documents.  <u>See</u> <u>Lowe v. District of Columbia</u>, 250 F.R.D. 36, 39 (D.D.C. 2008). In <u>Lowe</u>, the court explained, "As a government employee, ... [a defendant's] 'control' of documents created in the ordinary course of the government's business is secondary to that of his employer; he cannot on his own initiative remove government files and provide them to a third party."  <u>Id.</u>  Moreover, in

---

[5] Plaintiff also argues Federal Defendants have personal access to Plaintiff's A-File.

<u>Touhy</u>, the Supreme Court examined "...whether the Attorney General [could] validly withdraw from his subordinates the power to release department papers" in their custody or control. <u>Touhy</u>, 340 U.S. at 468. The Court held that such action was proper. <u>Id.</u> at 463.[6]

Similarly, in this case, Plaintiff cannot compel Federal Defendants to produce Plaintiff's A-File. ICE regulations specifically prohibit an employee from responding to a subpoena without authorization.[7]

Moreover, Plaintiff sued Federal Defendants in their individual capacities, yet seeks to have them produce documents held by their employer, ICE. Plaintiff cannot use Rule 34 to discover matters from a nonparty. <u>Hatch v. Reliance Ins. Co.</u>, 758 F.2d 409, 416 (9th Cir. 1985). As Federal Defendants' Counsel

---

[6] Plaintiff cites cases for the proposition that a party is deemed to have custody or control of documents in his or her attorney's possession. However, all these cases concern private litigants and documents related to the litigation.

[7] 6 CFR § 5.44(b) states, "No employee, or former employee, shall, in response to a demand or request, including in connection with any litigation, produce any document or any material acquired as part of the performance of that employee's duties or by virtue of that employee's official status, unless authorized to do so by the Office of the General Counsel or the delegates thereof, as appropriate."

1  previously advised Plaintiff, he should have sought
2  this information directly from ICE.
3
4      Plaintiff argues that Federal Defendants'
5  objections should be waived because they did not
6  provide their objections in a timely manner as required
7  by Rule 34.  Federal Defendants attach Exhibit 7 which
8  purports to be an email from Plaintiff's Counsel
9  granting them an extension to assert their objections.
10 Plaintiff argues that Federal Defendants have
11 misrepresented the nature of the email because it was
12 granting an extension for Federal Defendants' response
13 to interrogatories.  Reviewing the arguments and
14 emails, the Court cannot be certain which party is
15 correct.  However, the email does appear to grant a one
16 week extension for "discovery responses," and there is
17 no prejudice since the response was less than one week
18 overdue.
19
20     Therefore, this Court **DENIES** Plaintiff's Motion to
21 Compel in regards to Federal Defendants.
22
23 **IT IS SO ORDERED.**
24
25 DATED: June 2, 2009          /s/
                         _____
26                           **HONORABLE RONALD S.W. LEW**
27                          Senior, U.S. District Court Judge
28