**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Juan Carlos Valadez Lopez, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Michael Chertoff, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | CV 07-1566-LEW <br><br> ORDER **DENYING** PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND ELECTRONICALLY-STORED INFORMATION FROM DEFENDANTS DONALD LOWN AND JOHN MCGINNESS |

Plaintiff's Motion to Compel Production of Documents and Electronically-Stored Information From Defendants Donald Lown and John McGinness [Do. No. 124] was set for hearing on May 15, 2009,  Having taken the matter under submission on May 13, 2009, and having reviewed all papers submitted pertaining to this motion the Court, **NOW FINDS AND RULES AS FOLLOWS:**

Federal Rule of Civil Procedure 37 ("Rule 37") states that a party can "move for an order compelling disclosure or discovery."  Fed. R. Civ. Pro. 37.

1

However, Rule 37 does not state a time limit for filing a motion to compel. See Gault v. Nabisco Biscuit Co., 184 F.R.D. 620, 622 (D. Nev. 1999). Generally, a motion to compel should be filed prior to discovery cut-off; however, courts have discretion to hear a motion to compel after discovery cut-off. Packman v. Chicago Tribune Co., 267 F.3d 628, 647 (7th Cir. 2001) (reviewing decision for abuse of discretion); Garrett v. City and County of San Francisco, 818 F.2d 1515, 1518 (9th Cir. 1985) (finding that district court's refusal to permit further discovery is reviewed for an abuse of discretion).

   Here, Plaintiff filed his Motion to Compel only two days after discovery cut-off. While, Plaintiff did wait until the end of discovery to issue his Rule 34 Request; Plaintiff is not entirely at fault for bringing this Motion after discovery cut-off. The facts show that after Plaintiff received the allegedly deficient discovery responses from McGinness and Lown, he immediately attempted to resolve the problem without involving the Court. Lastly, there are no dispositive motions pending and trial is not set until October 2009. Therefore, the Court will exercise its discretion and consider the merits of Plaintiff's Motion to Compel.
///
///

A.   <u>Plaintiff's Motion to Compel as to Defendant Lown</u>

The Court **DENIES** Plaintiff's Motion to Compel as to Defendant Lown.

Rule 34 allows a party to request another party to produce, among other things, documents, electronically stored information, and other tangible things. However, it limits the production request to "items in the responding party's possession, custody, or control." Fed. R. Civ. Pro. 34(a)(1).

"Control is defined as the legal right to obtain documents on demand." <u>FTC v. Braswell</u>, 2005 U.S. Dist. LEXIS 42817 at *8 (C.D. Cal. Sept. 26, 2005) (citing <u>United States v. International Union of Petroleum and Industrial Workers, AFL-CIO</u>, 870 F.2d 1450, 1452 (9th Cir. 1989). More specifically, in <u>Lowe v. District of Columbia</u>, 250 F.R.D. 36, 38 (D.D.C. 2008), the district court stated that, "[f]ormer employees of government agencies do not have 'possession, custody, or control' of documents held by their former employers." As a result, the court held that the former employee could not be required to produce the requested documents because they were not in his possession, custody, or control.  <u>Id.</u>

///
///

At the time of Plaintiff's Rule 34 Request, Defendant Lown had not worked for the Yolo County Public Defender's Office for many months. (Joint Statement at 5, lns. 21-26; Exhibit A attached to Joint Statement.) Defendant Lown has stated in his response that he does not have any responsive documents or electronically stored information in his possession.

Plaintiff's argument about privilege is irrelevant. In Defendant Lown's first response to the Rule 34 Request, Defendant Lown did seem to indicate that he possessed some responsive documents, but was withholding them because they were privileged. However, upon further clarification he has represented that he does not possess *any* documents. Thus, Defendant Lown is not required to produce the requested information because he does not have personal possession, custody, or control of the requested documents. Additionally, as a former employee of the Yolo County Public Defender's Office he neither has possession, custody, or control of documents held by his former employer, nor does he have the present ability to legally demand such documents.

Therefore, Plaintiff's request for this Court to order Defendant Lown to produce the requested documents is **DENIED**.
///

B.  <u>Plaintiff's Motion to Compel as to Defendant McGinness</u>

The Court **DENIES** Plaintiff's Motion to Compel as to Defendant McGinness.

A request for production under Rule 34 "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. Pro. 34(b)(1)(A).

"What is reasonably particular is dependent upon the facts and circumstances in each case." <u>Mallinckrodt Chemical Works v. Goldman, Sachs & Co.</u>, 58 F.R.D. 348, 353 (S.D.N.Y. 1973). "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not.'" <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 202 (N.D. W. Va. 2000).

Courts tend to find document requests seeking all documents related to a claim or defense as lacking particularity. See <u>Kidwiler</u>, 192 F.R.D. at 202; <u>Devore v. City of Phila.</u>, 2002 U.S. Dist. LEXIS 23522 (E.D. Pa. Nov. 14, 2002)(request lacked reasonable particularity where it sought documents related to Plaintiff's claims or damages). For example, a district court found that a document request for all documents that 'refer or relate to' the plaintiff was

too broad because "a copy of every document in [the defendant's] possession could conceivably 'refer or relate' to the plaintiff. Robbins v. Camden City Bd. of Education, 105 F.R.D. 49, 60 (D.N.J. 1985). See Regan-Touhy v. Walgreen Co., 526 F.3d 641, 650 (10th Cir. 2008) (request for "'all documents ... that refer to, mention or relate in any way to Plaintiff, [] or the litigation or the allegations, facts and circumstances concerning the litigation,' [was] overly broad.").

The Court finds that Plaintiff's first request for Defendant McGinness to produce all documents "referring to [or] relating to Juan Carlos Valadez Lopez," along with his revised request to produce all documents "referring to Juan Carlos Valadez Lopez" lack reasonable particularity. The use of the words "relating to" and "referring to" are overly broad because Defendant does not have reasonable notice of what is called for and what is not. Defendant's request calls for a wide range of potentially related documents. For example, documents concerning any information relating to Plaintiff's imprisonment, prison rules and regulations, prison operations, information regarding Plaintiff beyond his medical negligence claims, and conceivably other prisoners' information could all relate to Plaintiff in some way. Moreover, narrowing this request to omit the term

1 "relating" does not cure the problem.

3 Plaintiff argues that within the context of
4 discovery already conducted, his revised request is not
5 lacking reasonable particularity.  In this case,
6 Plaintiff alleges that the defendants, including
7 McGinness, violated his rights by failing to administer
8 his medication.  Plaintiff explains that Defendant
9 McGinness is the Sheriff of Sacramento County and
10 admits that Plaintiff was housed at the Sacramento
11 County Jail during that time.  In Defendant's initial
12 Rule 26(a) disclosures, he produced a list of six
13 groups of documents.  Five of these specifically refer
14 to Plaintiff and would be responsive to Plaintiff's
15 Rule 34 Request.[1]

17 However, one of the purposes of Rule 34 is to
18 prevent fishing expeditions, and thus Plaintiff has
19 some responsibility to narrow his request.
20 Importantly, on April 2, 2009, Defendant told Plaintiff
21 that he would respond if the request was properly

---

[1] The group of documents includes: (1) Sacramento County Sheriff's Department Inmate Movement History of Plaintiff; (2) Sacramento County Sheriff's Department Inmate Custody File of Plaintiff Juan Valadez Lopez (aka Juan Valadez-Ramirez); (3) Sacramento County Sheriff's Department Inmate Medical Records of Plaintiff; (4) Sacramento County Sheriff's Department Inmate Psychiatric Records of Plaintiff; and (5) Medical Summaries of Federal Prison/Alien in Transit.

narrowed to categories or types of documents. Defendant did not attempt to revise his request until after discovery cut-off. Even still, his amended request did not list categories or types of documents. For example, Defendant could have simply stated that he wanted all documents referring to Plaintiff as categorized in the Rule 26(a) disclosures. This would have fairly apprised Defendant of the category of documents he sought. Plaintiff's somewhat narrowed request, as it now stands, is still too broad. It leaves Defendant to speculate as to what types of documents Plaintiff seeks.[2] Defendant's request seeks every document in Defendant's possession referring to Plaintiff, even documents irrelevant to Plaintiff's claims in this case.

Therefore, the Court **DENIES** Plaintiff's Motion to Compel Production of Documents and Electronically-Stored Information From Defendants Donald Lown and John McGinness because he did not describe his request with reasonable particularity. The Court recognizes that Plaintiff issued his Rule 34 Request within the

---

[2] Moreover, Plaintiff is also bringing claims against Defendant McGinness based on intentionally or recklessly detaining Plaintiff, which among other things, prevented him from proper access to the courts. Not just failure to provide medication. (Fourth Amended Complaint ¶ 51.) Thus, this allegation would broaden the scope of potentially related information.

discovery period and made some attempt to revise his request within that period.  Therefore, Plaintiff has until June 9, 2009 to issue another Rule 34 Request to Defendant McGinness.[3]

**IT IS SO ORDERED.**

/s/

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge

DATED: June 2, 2009

---

[3] Defendant McGinness will have thirty days to respond.