**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Juan Carlos Valadez Lopez,<br><br>                    Plaintiff,<br><br>          v.<br><br>Michael Chertoff, et al.,<br><br>                    Defendants. | CV 07-1566-LEW<br><br>ORDER **DENYING** DEFENDANT YAKOV GRINBERG'S MOTION TO STRIKE PLAINTIFF'S EXPERT REPORTS [151] |

Defendant Yakov Grinberg's Motion to Strike Plaintiff's Expert Reports was set for hearing on July 24, 2009. Having taken the matter under submission on July 23, 2009, and having reviewed all papers submitted pertaining to this motion the Court, **NOW FINDS AND RULES AS FOLLOWS**:

The Court **DENIES** Defendant Yakov Grinberg's Motion to Strike Plaintiff's Expert Reports.

On September 11, 2008, the parties submitted a Joint Discovery report to the Court [Doc. 89.] The document listed the following under the heading

"Discovery Plan":

    The parties have agreed to the following *general discovery plan*, based on the assumption that trial of this matter would be set to commence on November 2, 2009, a date assumed to be compatible with the court's trial calendar:

- April 8, 2009: discovery cutoff and cutoff for filing discovery motions;
- April 29, 2009: cutoff for disclosure of experts and experts' reports;
- May 29, 2009: cutoff for disclosure of rebuttal expert(s) and report(s);
- June 26, 2009: cutoff for expert depositions; and
- July 17, 2009: cutoff for filing dispositive motions.

[Doc. 89 at 3.] (emphasis in original). The Court did not adopt this discovery plan. See L.R. 83-143.

However, on October 14, 2008, this Court issued an order listing the following:

- April 8, 2009 as the Discovery cut-off;
- June 26, 2009 as the Expert Cut-off;
- July 17, 2009 as Motion Cut-off;
- September 14, 2009 as the Final Pretrial Conference; and
- October 13, 2009 as the Jury Trial.

[Doc. 94.]

On June 26, 2009, Plaintiff disclosed Masson, Mehr, Snedeler, and Karnik as experts. According to the Court's Order, June 26, 2009 was the final date for *all* expert discovery, including depositions and rebuttal disclosures.

1  Federal Rule of Civil Procedure 26(a)(2)(A) states,

2  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other
3  parties the identity of any witness it may use at trial to present evidence under Federal Rule of
4  Evidence 702, 703, or 705.

5  Fed. R. Civ. Pro. 26(a)(2)(A).  This disclosure,

6  Must be accompanied by a written report--prepared and signed by the witness--if the witness is one
7  retained or specially employed to provide expert testimony in the case or one whose duties as the
8  party's employee regularly involve giving expert testimony.
9  Fed. R. Civ. Pro. 26(a)(2)(B).

10  According to Federal Rule of Civil Procedure
11  37(c)(1), if a party violates Rule 26(a), "the party is
12  not allowed to use that information or witness to
13  supply evidence at a trial, unless the failure was
14  substantially justified or is harmless." Fed. R. Civ
15  Pro. 37(c)(1).

16  A court can impose Rule 37 sanctions even where the
17  sanctioned party never explicitly violated a court
18  order and without a showing of bad faith. <u>Yeti by</u>
19  <u>Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101,
20  1106 (9th Cir. 2001).  "Courts have upheld the use of
21  the [Rule 37] sanction even when a litigant's entire
22  cause of action or defense has been precluded."  <u>Id.</u>
23  Moreover, "...the burden is on the party facing
24  sanctions to prove harmlessness."  <u>Id.</u> at 1107.

25  According to Plaintiff, since the Court's October
26  14, 2008 Scheduling Order superseded the parties'
27  proposed discovery plan and listed June 26th, 2009 as
28  the date for expert cut-off, Plaintiff's counsel

interpreted the June 26, 2009 date to refer to the date for disclosure of expert witness-not the date to complete all expert witness discovery and complete depositions.[1]

Although Defendant may have been aware of Dr. Karnik, Plaintiff's counsel did not follow the Court's order for disclosing and deposing witnesses, and his excuses of substantial justification and harmlessness are unpersuasive. Plaintiff's counsel had ample reason to suspect that the date referred to the end of discovery and should have clarified his confusion with the court.

Plaintiff's counsel's understanding of "expert cut-off" to be a "witness disclosure" deadline, is not justified. Counsel should have realized that if June 26th was only the disclosure deadline, the Court did not then provide a deadline for disclosure of rebuttal witnesses or depositions. Moreover, this is not a logical interpretation in light of the July 17, 2009 Motion Cut-Off deadline. In addition, the Order's discovery deadline of April 8, 2009 should have alerted

---

[1] Plaintiff says in his response that "[t]he scheduling order did not specify three dates regarding expert discovery, but instead set June 26, 2009, as the "Expert Cut-Off." (Response at 2.) Logically, if one only sees one date instead of three, it should refer to the conclusion of a series of steps (meaning the completion of expert depositions) instead of referring to the deadline for the first step (disclosure). Further the Court's final order designating June 26, 2009 for expert cut-off comports with the parties' submitted discovery plan proposing June 26, 2009 as the cut-off for expert depositions.

4

1  Plaintiff's counsel that the expert deadline listed was
2  the final expert ending date.  While this
3  misinterpretation is unfortunate, it is not
4  substantially justified.
5      Nevertheless, despite the fact that Plaintiff's
6  late disclosure is not justified, the Court finds that
7  it is harmless.  Whereas, altering the court's trial
8  schedule can be sufficient to constitute harm, there is
9  no harm in this case.  See Wong v. Regents of
10 University of California, 410 F.3d 1052, 1060 (9th Cir.
11 2005).  The parties have submitted to the Court a
12 stipulation to move the two pending Summary Judgment
13 hearings to September 11, 2009 and September 18, 2009,
14 respectively.  Further, they request that the final
15 pre-trial conference be scheduled at least sixty days
16 from the date that the Court rules on both motions, and
17 that the jury trial be rescheduled thirty days later.
18 Therefore, the Court can allow Defendant additional
19 time to disclose his rebuttal expert reports and any
20 additional time necessary to file any motions related
21 to the expert reports without altering the trial
22 schedule.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  Therefore, this Court **DENIES** Defendant Yakov
2  Grinberg's Motion to Strike Plaintiff's Expert Reports.
3  Defendant has thirty additional days from the date of
4  this Order to disclose his expert rebuttal reports and
5  to file any related dispositive motions.[2]

7  **IT IS SO ORDERED.**

9  DATED:   August 4, 2008

10                              /s/
11                     **HONORABLE RONALD S.W. LEW**
                       Senior, U.S. District Court Judge

---

28  [2] Based on the parties stipulation the pre-trial conference and trial will be moved approximately two months.