UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JUAN CARLOS VALADEZ LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL CHERTOFF, et al.<br><br>    Defendants. | CV 07-1566-LEW<br><br>**ORDER Re: DEFENDANT YAKOV GRINBERG'S MOTION FOR SUMMARY JUDGMENT [155]; STIPULATION RESETTING PRETRIAL CONFERENCE AND TRIAL DATE [161]** |

    Currently before the Court is Defendant Yakov Grinberg's Motion for Summary Judgment as to the medical-related allegations set forth in Plaintiff's Second, Fourth, Fifth and Twelfth Causes of Action. Having considered all papers and arguments, **THE COURT NOW FINDS AND RULES AS FOLLOWS:**

    As a preliminary matter, the Court **GRANTS** the Stipulation and Proposed Order Resetting Hearing on Defendants' Motions for Summary Judgment, Pretrial, and Trial.

1     The Court hereby sets the Final Pretrial Conference
2 for December 7, 2009 and Trial for January 12, 2010.
3     The Court **GRANTS** Defendant Grinberg's Motion for
4 Summary Judgment as to the medical-related allegations
5 set forth in the Second, Fourth, Fifth and Twelfth
6 Causes of Action.
7     Summary judgment is appropriate when the pleadings,
8 affidavits, and other supporting papers demonstrate
9 that there are no genuine issues of material fact, and
10 the moving party is entitled to prevail as a matter of
11 law.  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>,
12 477 U.S. 317, 322 (1986).  When making this
13 determination, the Court must view the record in the
14 light most favorable to the non-moving party.  <u>Anderson
15 v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  A
16 "genuine" dispute is one that is supported by evidence
17 sufficient to permit a reasonable jury to find in favor
18 of the nonmoving party.  <u>Id.</u> at 247-48.
19     Having reviewed the matter, the Court finds
20 that Defendant Grinberg had no personal participation
21 in Plaintiff's alleged denial of medical care.
22 Furthermore, the Court finds that there are no genuine
23 issues of material fact as to whether Defendant acted
24 with deliberate indifference in denying medical care to
25 Plaintiff.
26     The evidence presented by Plaintiff fails to
27 establish any genuine issue that Defendant had a
28 subjective awareness of Plaintiff's medical needs and

acted with deliberate indifference thereafter.  As a result, and pursuant to <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009), Plaintiff has failed to establish that Defendant's own actions led to any violation of Plaintiff's constitutional rights.

Accordingly, the Court **GRANTS** Defendant Yakov Grinberg's Motion for Summary Judgment as to the medical-related claims in the Second, Fourth, Fifth and Twelfth Causes of Action.

As there are no remaining claims against Defendant Yakov Grinberg, Grinberg is hereby dismissed from this lawsuit.

**IT IS SO ORDERED.**


DATED: September 25, 2009

/s/
_____
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Court Judge

3